## SUPREME COURT.

### Bostwick & De Mott agt. The Bank of Mutual Redemption.

Where a firm of *brokers* had an agreement with a *bank*, that the bank should receive the bills which they deposited, and send them to the bank of redemption as agents of the firm; and the bank was not to count the money, but simply to receive the packages and send them through to the bank of redemption, and in no event to be responsible for any loss, miscount or counterfeit bills; and that when a deposit was made, the firm had a right to draw against the amount, and allowed and paid to the bank at the time of each deposit a certain rate of discount,

*Held,* in an action by the firm against the *bank of redemption,* to recover a certain amount of money which the latter had returned short in plaintiffs' package to the bank which acted as plaintiffs' agent, that it was error to *nonsuit* the plaintiffs on the ground that the action should have been brought in the name of the agent bank, and was not brought in the name of the *real party in interest.*

It having been proven on the trial that before the commencement of the action the agent bank returned to the plaintiffs the package as received by them, and that the plaintiffs paid the bank the deficiency, it was sufficient to submit to the jury the question whether the agent bank had not, by returning the package as soon as the mistake was discovered, refused to accept the same under the contract, and if so, whether the title was not still in the plaintiffs.

*New York General Term, May,* 1862.

Ingraham, Leonard and Rosekrans, *Justices.*

This was an action to recover of the defendant (a bank in Boston) $300 in bills of eastern banks sent to that bank by the plaintiffs, a firm of brokers in this city, through the Park Bank for redemption.   The action was brought to trial at the November circuit, 1860, before Sutherland, J., and a jury.   The package, containing $68,763, was composed of divers smaller packages received by the Park Bank from different banks and individuals, and by that bank put up together in one package without counting it, and sealed up in a bag and forwarded by Kingsley's express ·to the defendant's bank at Boston.   The package was delivered and receipted for as the sum of $68,763.   The defendant, after counting the various packages, insisted that the package from the office of the

plaintiffs, receipted for as containing the sum of $6,900, was $300 short; in other words, that there was in fact but $6,600 in said package, and that the receipt given by them was given upon the mistaken supposition that it contained $6,900.

The plaintiffs on the trial proved the counting of the said package by three or four different persons, and that in fact it contained $6,900. They further proved that the bills had then been done up in a package, and that it was not thereafter opened or disturbed until it was delivered at the counter of the defendant's bank.

Upon the cross-examination of one of the plaintiffs, (De Mott,) he testified that his firm were depositors at the Park Bank; that they had a right to draw against the $6,900; that his firm allowed the Park Bank a certain rate of discount, and that they paid such discount at the time the deposit was made; that the deposit was passed to the credit of the plaintiffs, and that the plaintiffs had a right to draw against it the next day.

On his further re-direct examination he said that the arrangement under which the money was deposited was entered into by his partner Bostwick, and not by himself. The plaintiff Bostwick testified that he made the arrangement with the Park Bank, under which the bills in question were sent; that said contract was, that the bank would receive said bills and send them through to the Bank of Mutual Redemption as agents for said firm, and that the Park Bank was not to count the money, but simply to receive the packages and send them through to the Bank of Mutual Redemption, and in no event to be responsible for any loss, miscount, or counterfeit bills; that subsequent to sending the bills in question, and before the commencement of this suit, his firm had settled all accounts with the Park Bank, and that said Park Bank had accounted for the money as $6,600, leaving the said plaintiffs to pursue their remedy against the defendant

for the remaining $300. In this statement he was fully corroborated by the teller of the Park Bank, who also testified that the Park Bank had no claim against any one for the money in question.

When the plaintiffs rested, the defendant's counsel moved to dismiss the complaint on the ground that the action was not brought in the name of the real party in interest; that it should have been brought in the name of the Park Bank. The court decided that the objection was well taken, and dismissed the complaint.

Plaintiffs' counsel applied to the court to settle the exception on the spot, and sign the same as required by the statute.

The court at length settled the exception as follows : " The complaint dismissed on the ground that the plaintiffs have shown no right to bring the action." From this the plaintiffs appealed.

Upon the argument at the general term the court inquired of the defendant's counsel whether the court at circuit dismissed the complaint on the ground that the action was not brought in the name of the real party in interest, and that it should have been brought in the name of the Park Bank ; and whether that was the meaning of the exception as settled by the judge who tried the cause. To which the defendant's counsel replied that it was.

I. T. WILLIAMS, *for plaintiffs.*
C. E. SOULE, *for defendant.*

By the court, INGRAHAM, P. Justice. The evidence in this case, we think, showed facts sufficient as to the plaintiffs' title, to let the case go to the jury.

It was proven that the Park Bank agreed with the plaintiffs to take their packages without being responsible

for the count, and pass them unopened to the defendant, and that this package was sent under that arrangement.

It was proved, also, on cross-examination of another witness, that the Park Bank charged a rate of discount on bills deposited as these were, and that plaintiffs were allowed to draw on the amount deposited for transmission, and the deposit passed to the plaintiffs' credit by the Park Bank, and if the package was short the plaintiffs were to make it up.

It was also proven that before the commencement of this action, the Park Bank returned to the plaintiffs the package as received by them, and that the plaintiffs paid the bank the deficiency. These facts were sufficient to submit to the jury the question whether the Park Bank had not, by returning the package as soon as the mistake was discovered, refused to accept the same under the contract, and if so, whether the title was not still in the plaintiffs.

It could hardly be said to be erroneous if the jury had been so instructed as matter of law. The nonsuit was improperly granted, and the judgment must be reversed.

Judgment reversed and a new trial ordered, costs to abide the event.

————♦♦————


## COURT OF APPEALS.

James H. Smith and Mary J. Robinson, administrators, &c. of Robert M. Seymour, William W. Forsyth and Edmund A. Robinson, deceased, respondents agt. Silas Marvin and Sardis Allen, appellants.

An *agreement* is not *per se usurious* by which a commission merchant is to be paid or to have five per cent. commission, besides interest, for accepting and paying drafts drawn upon him by a person owning property sent to such merchant for sale on commission, and for the sale of which he receives a further commission of five per cent.